**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL RIVERA,<br><br>                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Civ. No. 07-3233<br><br>**O P I N I O N** |

*Appearances:*

LANGTON & ALTER, ESQS.
By: Abraham S. Alter, Esq.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ 07065

          *Attorney for Plaintiff*

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY for the District of New Jersey
By: Sheena V. Barr, Esq.
C/O Social Security Administration
Special Assistant U.S. Attorney
26 Federal Plaza, Room 3904
New York, NY  10278

          *Attorney for Defendant*

**DEBEVOISE, Senior District Judge**

Plaintiff, Daniel Rivera, pursuant to section 205(g) of the Social Security Act (the "Act"), seeks this Court's review of the Commissioner of Social Security's (the "SSA") final decision that Plaintiff is not entitled to Disability Insurance Benefits and Supplemental Security Income Benefits (the "Benefits") under sections 216(i), 223, 1614(a)(3)(A) and 1614(a)(3) of the Social Security Act.  Plaintiff seeks reversal of the SSA's decision on the grounds that the Administrative Law Judge ("ALJ") erred by failing to consider substantial evidence that shows Plaintiff is disabled.  However, because the ALJ properly considered all the evidence in the record, the SSA's decision will be affirmed.

## I. BACKGROUND

Plaintiff is a 44 year old male.  (R. at 226.)  He was employed as an assembly line worker, but claims he has been unable to work since February 1, 2004, due to asthma, high blood pressure, swelling, hives and back pain.  (R. at 69.)  Plaintiff's asthma has been since childhood, while he developed  high blood pressure and back pain in 1992.  (R. at 160.)  Additionally, Plaintiff was treated on five occasions from April 14, 2004, until August 25, 2004, for a skin rash and hives, which he claims had been intermittent for a six month period.  (R. at 110, 121, 138, 147.)

On November 4, 2004, Plaintiff was examined at the request of the SSA.  (R. at 160.) Plaintiff complained of back pain, asthma, high-blood pressure, rashes and an inability to walk for long periods.  Id.  Dr. Fernando, the SSA consultant examiner, found Plaintiff to have a normal range of motion in his extremities, as well as normal strength and reflexes.  (R. at 161.) Additionally, Plaintiff's skin was clear.  Id.  Dr. Fernando diagnosed Plaintiff with arthritis of the lumbosacral spine, asthma and hypertension, with minimal limitation in bending, sitting,

standing and lifting.  (R. at 162.)

Additionally, Plaintiff made several visits to the JFK Medical Center.  On January 26, 2005, Plaintiff was seen for respiratory problems and treated with medication for asthma and bronchitis.  (R. at 179, 182.)  On the 31st, Plaintiff complained of back pain.  (R. at 195.)  Additionally, Plaintiff indicated that his asthma was under control and counseled on making changes to his diet for his hypertension on February 24th.  (R. at 196.)  On May 9th, Plaintiff complained that he was wheezing two to four times a month.  (R. at 198.)  Finally, on July 12th, Plaintiff indicated that his inhalers were controlling his asthma and his lungs were clear.  (R. at 200.)

At Plaintiff's hearing, Plaintiff indicated that he could not care for himself and relies on his girlfriend to perform all of the housework.  (R. at 234.)  Additionally, that he leaves the house only for doctors appointments.  (R. at 235.)  However, Plaintiff admitted that he does drive once or twice a week, occasionally visits friends and is able to shower, shave and dress himself.  (R. at 235-36.)  Plaintiff further admitted he stopped working because he was laid off.  (R. at 232.)  Furthermore, Plaintiff did not take advantage of the opportunity to supplement the record after the hearing, as the ALJ had permitted.  (R. at 250.)

After considering the medical reports and the hearing testimony, the ALJ issued a decision denying Plaintiff's request for Benefits.  (R. at 20.)  Plaintiff timely appealed the ALJ's decision to the SSA's Appeals Council.  (R. at 10-11.)  The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the SSA.  (R. at 5.)  It is from the ALJ's opinion, as the final decision of the SSA, that Plaintiff now seeks review.

## II. DISCUSSION

The issue before the Court is whether the SSA's decision to deny Plaintiff's application for Benefits is supported by substantial evidence.  Plaintiff asserts that the ALJ erred by ignoring substantial evidence that Plaintiff is obese and the effects of his obesity in combination with his other ailments.  However, the ALJ did in fact consider Plaintiff's obesity and concluded that this did not impact Plaintiff's ability to engage in routine physical activities.  Therefore, the ALJ's determination will be affirmed.

### A.  Standard of Review

A district court's review of the SSA's factual conclusions is deferential and limited to determining whether the conclusions are supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  A district court is bound by the SSA's factual findings that are supported by substantial evidence, even if the district court would have reached a different factual conclusion.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

### B.  Determination of Disability

Under the Social Security Act, disability insurance benefits are provided to individuals who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."  42 U.S.C. § 423(d)(1)(A).  To constitute a disability, the impairment must be "expected to result in death" or "last for a continuous period of not less than 12 months," § 423(d)(1)(A), and be "of such severity that [the individual] is not only unable to do his previous work but cannot, considering his age, education, and work

4

experience, engage in any other kind of substantial gainful work," § 423(d)(2)(A).

An ALJ determines whether an individual is disabled and therefore entitled to disability insurance benefits by using a five-step evaluation process.  See 20 C.F.R. § 404.1520(a).  A finding by the ALJ at any of the steps that the individual is either disabled or not disabled ends the inquiry.  The five stages of inquiry proceed as follows.

*Step 1: Substantial Gainful Activity.*  The ALJ must first determine whether the claimant is engaging in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(*i*).  Substantial gainful activity is work activity that involves doing significant mental or physical activity for pay or profit. 20 C.F.R. § 404.1572.  If the ALJ finds that the claimant is engaging in substantial gainful activity, then the ALJ must find that the claimant is not disabled.  § 404.1520(a)(4)(*i*).

*Step 2: Severity of Impairment.*  If the claimant is not engaged in any substantial gainful activity, the ALJ must then determine the medical severity of the claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(*ii*).  An impairment is severe when it significantly limits the individual's physical or mental ability to do basic work activities.  § 404.1520(c).  If the ALJ finds that an individual's impairment is not severe or has not met the 12 month durational requirement, then the ALJ must find that the claimant is not disabled.  § 404.1520(a)(4)(*ii*).

*Step 3: Listed Impairments.*  If the ALJ determines that the claimant's impairment is severe, then the ALJ compares the medical evidence of the impairment to a list of impairments in Appendix I of 20 C.F.R. Part 404, Subpart P.  20 C.F.R. § 404.1520(a)(4)(*iii*).  The impairments listed in Appendix I are presumed severe enough to preclude substantial gainful activity.  If the ALJ finds that the individual's impairment is listed in Appendix I and has met the 12 month durational requirement, then the ALJ must find that the claimant is disabled.

§ 404.1520(a)(4)(*iii*).

　　*Step 4: Residual Functional Capacity.*  If, however, the individual's impairment is not listed in Appendix I, then the ALJ must consider whether the claimant possesses the residual functional capacity to do his past relevant work.  20 C.F.R. § 404.1520(a)(4)(*iv*).  Residual functional capacity covers those activities that an individual is still able to do despite the limitations caused by his impairment.  Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000).  If the ALJ finds that the individual has the capacity to perform past work, then the ALJ must find that the claimant is not disabled.  § 404.1520(a)(4)(*iv*).

　　*Step 5: Adjustment to Other Work.*  If the claimant cannot perform past work, then the ALJ must consider the individual's residual functional capacity, age, education, and work experience to determine whether the claimant can perform other work.  20 C.F.R. § 404.1520(a)(4)(*v*).  Other work includes "any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 423(d)(2)(A).  If the ALJ finds that the individual has the capacity to adjust to other work, then the ALJ must find that the claimant is not disabled.  § 404.1520(a)(4)(*v*).  However, if the ALJ finds that the individual cannot adjust to other work, then the ALJ must find that the claimant is disabled.  Id.

　　While the individual claimant bears the burden of persuasion of steps one through four, the burden shifts to the SSA of the fifth step.  At the fifth step, the SSA must prove that the individual is capable of obtaining gainful employment other than his past relevant work and that jobs, which the individual can perform, exist in substantial numbers in the national economy.

Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

**C.  The SSA's Findings and Conclusions**

In the present case, the ALJ applied the five step analysis and concluded at the first step that Plaintiff was not engaging in any substantial gainful activity.  (R. at 17.)  At the second step, the ALJ determined that Plaintiff's asthma, back disorder and high blood pressure were severe. Id.  However, the ALJ determined Plaintiff's allergies were not severe since there is no evidence that they cause more than a minor inconvenience.  (R. at 18.)

At the third step, the ALJ determined that Plaintiff's ailments were not severe enough to meet any of the listed impairments in Appendix I of 20 C.F.R. Part 404, Subpart P.  Id.  The ALJ determined Plaintiff's back pain did not meet Listing 1.04 because he has no sensory or reflex loss and no evidence of nerve root compression, spinal arachnoiditis or lumbarspine stenosis.  Id. The ALJ determined that Plaintiff's asthma did not meet Listing 3.02-3.03 because Plaintiff does not suffer frequent asthmatic attacks or chronic asthmatic bronchitis.  Id.  Finally, the ALJ determined Plaintiff's hypertensions did not meet any of the conditions necessary under Listing 4.00.  Id.

Finally, at the fourth step, the ALJ considered Plaintiff's residual functional capacity and concluded that Plaintiff retained the ability to perform the full range of medium work activity and to perform his past relevant work.  (R. at 19.)  In reaching this conclusion, the ALJ questioned Plaintiff's credibility as to subjective complaints of pain and an inability to function.  Id.  The ALJ noted that while Plaintiff claims he cannot work because of disability, he stopped working only after being laid off.  Id.  Furthermore, while he claims that he cannot take care of his basic needs, there is nothing in the medical record that would indicate a disability to such an extent.

Id.  Finally, while he claims to only leave the house for medical appointments, he admits to driving his car once or twice a week, as well as visiting friends.  Id.

In this appeal, Plaintiff  challenges the ALJ's determination and argues, as his sole grounds for appeal, that the ALJ erred by failing to consider Plaintiff's obesity at each step of the analysis.  (Pl.'s Br. at 14.)  Plaintiff notes that the ALJ analyzed each of his ailments without regard to whether Plaintiff's obesity further complicates his condition.  (Id. at 14-15).  Plaintiff further asserts that SSA Regulations require the ALJ to analyze obesity in each of the steps to determine the overall effect obesity has on the various ailments.  Id. at 17-18 (quoting SSR 00-3p).[1]

However, the ALJ committed no error.  When the plaintiff fails to assert obesity as a factor for disability, an ALJ is not obligated to explicitly consider the complications of obesity.  Rutherford v. Barnhart, 399 F.3d 546, 552-553 (3d Cir. 2005).  Rather, a determination that the ailments are not disabling is sufficient to show that the obesity does not aggravate the plaintiff's condition.  Id.  In this case, Plaintiff complains of a variety of medical conditions, but not obesity.  (R. at 69.)  Since the ALJ found that Plaintiff's stated complaints individually and in combination are not disabling, the ALJ's analysis sufficiently addressed Plaintiff's obesity without an explicit showing that his obesity has not exacerbated his condition.  (R. at 19.)

Moreover, the ALJ did explicitly consider Plaintiff's obesity in his analysis and found that the obesity did not significantly affect Plaintiff's condition. The ALJ found that the obesity "alone or in combination with [his] other impairments does not cause additional or severe

_____

[1]Although SSR 00-3p has been superseded by SSR 02-1p, there is no difference with regards to the requirement to analyze obesity in combination with the petitioners other ailments.

limitations on the claimant's functioning that would prevent him from performing routine movement and the necessary physical activities required with the work environment on a regular or continuing basis." (R. at 19-20.)  Additionally, there is no evidence from the record that Plaintiff's obesity was disabling.  Although Dr. Fernando noted Plaintiff's height and weight, he did not conclude that Plaintiff's obesity contributed to his condition.  (R. at 165.)  Furthermore, Plaintiff had only minimal limitations in his ability to bend, sit, stand and lift (R. at 162.)  Additionally,  his pulmonary function test was normal.  (R. at 165.)  Finally, although the attending physician diagnosed obesity, the suggested treatment was to make an appointment with a nutritionist.  (R. at 198.)  Since the Plaintiff retains the burden of proof, it was his responsibility to supplement the record, as he was given time to do, in order to indicate through medical evidence how his obesity caused a disability.  Thus, there is no error because the ALJ sufficiently considered Plaintiff's obesity.

## III. CONCLUSION

For the reasons set forth above, the determination of the SSA will be affirmed.  An order implementing this opinion will be entered.

_____

   /s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: May  27th 2008

9